Anton Halmel for the Use of Bohumil Soukup, Appellant, v. Motor Vehicle Casualty Company, Appellee.

Gen. No. 36,708.

Opinion filed November 6, 1933. Rehearing denied November 20, 1933.

EMMET F. BYRNE, for appellant; WILLIAM L. KELLEY, of counsel.

ECKERT & PETERSON, for appellee; ABE R. PETERSON, C. FLOYD WHITE and OWEN RALL, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Bohumil Soukup brought an action against Anton Halmel and James Halmel to recover damages for personal injuries claimed to have been sustained by being struck and severely injured by an automobile belonging to defendant James Halmel, and driven by Anton Halmel, a 16-year-old son of James. There was a directed verdict in favor of defendant, James Halmel, and a verdict and judgment against Anton Halmel for $5,000. Afterward the Motor Vehicle Casualty Company, which had issued a policy of insurance to James Halmel on the automobile, was served as garnishee. Interrogatories were filed in which, among other things, the garnishee was asked whether it had issued a policy of insurance to James Halmel. The garnishee answered, admitting the issuance of the policy and setting up pertinent provisions thereof. One of the answers was that Anton Halmel was using and operating the automobile, mentioned in the policy, at the time plaintiff in the personal injury suit was injured, without the permission or consent of his father, the owner of the automobile and the assured named in the policy. A further contention of the garnishee was that it had not been given the notice required by the insurance policy and liability was denied on these two grounds.

There was a hearing on the garnishment phase of the case before the court without a jury, a judgment entered discharging the garnishee, and this appeal followed.

The court specifically found that sufficient notice, under the policy, had been given to the garnishee, of the accident in question, but refused to find that Anton Halmel had permission from his father to use the automobile at the time of the accident.

For convenience the garnishor will be referred to as plaintiff.

In this court plaintiff contends that the evidence discloses that Anton Halmel had the permission of his father, the assured, to operate the automobile at the time in question, and in his reply brief plaintiff takes the further position that since Anton Halmel, the son, was more than 16 years of age at the time he was driving the automobile which struck and injured Soukup, he had the right to drive it without his father's permission, and was covered by the policy.

At the request of the court the garnishee has filed an additional brief and argument, answering plaintiff's second contention, in which the position is taken that since Anton Halmel, the son, was not an adult he could not lawfully operate the automobile without the consent of his father, the assured.

Before passing on these contentions we think we ought to say the contention of the garnishee that the court erred in holding that sufficient notice had been given the garnishee of the accident, is not before us because no cross errors have been assigned.

1. Did Anton Halmel, the son, have permission to use the automobile at the time in question? This obviously was a question of fact for the trial court, and unless we are warranted in saying that the finding is against the manifest weight of the evidence we cannot, under the law, disturb this finding. Of course, permission may be implied from the conduct of the parties which will be as binding on the garnishee as if express permission had been given by the father to the son to use the car.

James Halmel, the assured, testified that he was in the business of selling and delivering butter and eggs; that his son Anton, who was not quite 17 years of age, assisted him in his business as a helper on one of his trucks; that he used two trucks and two automobiles

and kept them in a garage at the place where he lived; that Anton had been driving the Ford coupe about six months prior to the accident; that on the evening of the accident the keys were in the Ford car which was back of their house; that he had another boy hired who would drive the Ford in making deliveries and sometimes when that boy was busy he would tell his son Anton to take the Ford and make a delivery, which was done; that the Ford was kept for pleasure, but occasionally used in business in case of a special order to deliver eggs or butter, and it would be used by the son in making the delivery. The son lived at home with his parents and did not receive a salary. He further testified that Anton could not use the automobile without witness' permission.

The evidence further shows that the attorneys for the garnishee insurance company defended James Halmel, the assured, and his son Anton in the personal injury case, and were paid by the insurance company; and that Anton, the son, was driving the Ford automobile at the time of the accident for a purpose of his own in no way connected with the father's business.

Upon a careful consideration of all the evidence in the record, we are unable to say that the finding of the trial judge to the effect that Anton, the son, was operating the automobile at the time in question without his father's consent, was against the manifest weight of the evidence.

2. Did the insurance policy cover the son, Anton, although he was operating the automobile without the consent of his father or of any adult member of the father's household?

The policy provides that in the same manner and under the same conditions and to the same extent as the insurance is available to the assured, James Halmel, the policy shall inure "to the benefit of any person or persons while riding in or lawfully operating

any of the automobiles described . . . and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or, if the named assured is an individual, with the permission of an adult member of the assured's household other than a chauffeur or a domestic servant.'' We think this provision means that any adult member of the assured's household, other than a chauffeur or a domestic servant, may operate the automobile without obtaining the consent of the assured, because the provision quoted states that such adult member may give to another person permission to use or operate the automobile. While the policy does not contain any express provision that an adult member of the household may use or operate the automobile and be covered by the provisions of the policy, yet this is implied because such adult member may legally authorize the use or operation of the automobile by third parties. It is assumed by counsel for both parties that a minor member of the assured's household (over 15 years of age) might with the permission of the assured use or operate the automobile and be protected by the insurance. But since there is no provision in the policy that a minor member of the assured's household might use or operate the automobile without the consent of the assured, the assured's minor son Anton, who was using the automobile without his father's consent, is not protected and therefore the garnishee was properly discharged.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.